UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRIDGETTE BENEDICT** <br> 278 S. Grubb Street <br> Columbus, Ohio 43215 <br><br> Plaintiff, <br><br> vs. <br><br> **DELAWARE COUNTY, OHIO** <br> 101 North Sandusky Street <br> Delaware, Ohio 43015 <br><br> AND <br><br> **DELAWARE COUNTY SHERIFF'S DEPT** <br> 149 N. Sandusky St., 2nd Floor <br> Delaware, OH 43015. <br><br> AND <br><br> **SEDDRICK BRADLEY** <br> 1417 North Pepperlane <br> Marysville, Oh 43040 <br><br> Defendants. | Case No. 2:20-cv-5151 <br><br> **JUDGE** <br><br><br><br> **COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

NOW COMES Plaintiff, Bridgette Benedict, by and through her counsel, and for their complaint against these Defendants, alleges and says as follows:

1

### I.   PRELIMINARY STATEMENT:

1. This civil rights case seeks to redress the despicable, cruel and unusual punishment inflicted upon Plaintiff Bridgette Benedict by Correctional Officer, Seddrick Bradley, at the Delaware County Jail, located in Delaware, Ohio.

2. This Complaint also challenges and alleges acts that constitute the failure of Delaware County, Ohio and the Delaware County Sherriff's Department to protect Ms. Benedict from violations of her constitutional rights because Delaware County, Ohio and the Delaware County Sheriff's Department are responsible for employing Seddrick Bradley as a correctional officer. Due to their failure to screen prospective employees, properly train, control and supervise its employees, and adopt and enforce adequate policies and procedures to prevent sexual abuse from occurring, and for knowingly allowing, and/or encouraging such customs of inmate sex abuse, Plaintiff was sexually assaulted by Correctional Officer Seddrick Bradley.

3. Ms. Benedict seeks compensation for the injuries she suffered as a result of the heinous and constitutionally impermissible sexual abuse she endured while at the Delaware County Jail. Plaintiff also prays that her suit will protect other young women from similar assaults.

### II.   JURISDICTION

4. This action arises under the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States; 42 U.S.C. § 1983; and Ohio law.

5. The Court has original jurisdiction over Plaintiff's constitutional and federal law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case or controversy described by Plaintiff's federal claims.

7. Venue is proper in the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1391(b)(1), (2), and (3), because most or all of the Defendants reside and can be found in the Southern District of Ohio, Eastern Division and a substantial part of the events giving rise to these claims occurred in the Southern District of Ohio, Eastern Division.

### III.     PARTIES

8. Plaintiff Bridgette Benedict ("Ms. Benedict") at all times relevant herein, was a citizen of the United States of America, and was a resident of Delaware County in the State of Ohio. She brings this action on her own behalf for damages resulting from the violation of rights secured by the United States Constitution and violations of laws of the State of Ohio.

9. Defendant Delaware County, Ohio at all times relevant herein, was a county and political subdivision within and created by, and with the authority of, the State of Ohio.

10. Defendant Delaware County Sheriff's Department was the entity responsible for retention and possession of any and all records relating to the allegations set forth herein, including Defendant Seddrick Bradley's entire training and personnel file, the Plaintiffs' entire files, and the entire investigatory file of the Plaintiffs' allegations against Defendant Seddrick Bradley.

### IV.     FACTS:

11. Plaintiff incorporates all forgoing and after stated allegations as if fully restated herein.

3

12. On or around October 11, 2018, Ms. Benedict was incarcerated as an inmate in the Delaware County Jail.

13. At all times relevant to this suit, Seddrick Bradley was a corrections officer employed by Delaware County, Ohio and the Delaware County Sherriff's Department to work at the Delaware County Jail.

14. Upon information and belief, Correctional Officer Seddrick Bradley worked second shift and was assigned the female cellblock of the jail.

15. On or around October 25, 2018, Seddrick Bradley sexually harassed and exposed himself to Ms. Benedict, in her single jail cell, while under his official capacity as a correctional officer.

16. On or around October 29, 2018, Ms. Benedict was released from the Delaware County Jail.

17. After Ms. Benedict was released from the Delaware County Jail, Ms. Benedict was randomly contacted by Seddrick Bradley.

18. Seddrick Bradley advised Ms. Benedict that he obtained her cell phone number and address from his work computer.

19. After Ms. Benedict was released from the Delaware County Jail, Seddrick Bradley used his official capacity as a Delaware County Jail Correctional Officer to obtain Ms. Benedict's address and contact information from Jail Tracker.

20. Seddrick Bradley continued to send Ms. Benedict harassing text messages as well as lewd photographs of his erect penis.

21. On December 4, 2018, Seddrick Bradley used the information he received on Jail Tracker to locate and unexpectedly visit Ms. Benedicts residence. She was too afraid to respond to his visit.

22. On or around December 13, 2018, Ms. Benedict reported the sexual abuse to jail officials.

23. On December 17, 2018, Jail officials received an audit report from Jail Tracker. The requested audit identified that Seddrick Bradley accessed Ms. Benedict's personal information on October 29, 2018, November 16, 2018, and November 19, 2018. All three of these incidents were after Mrs. Benedict was released from the Delaware County Jail.

24. Seddrick Bradley accessed Jail Tracker beyond the scope of his employment for the purpose of continuing the sexual harassment upon Ms. Benedict.

25. Defendants did little or nothing to protect Ms. Benedict from the abuse she suffered at the hands of Seddrick Bradley.

### V.   FIRST CAUSE OF ACTION – 42 U.S.C. § 1983
### Violation of the Eighth and Fourth Amendments to the United States Constitution for Cruel and Unusual Punishment and Violation of Privacy

26. Plaintiff incorporates all forgoing and after stated allegations as if fully restated herein.

27. Defendants have, under the color of law, deprived Ms. Benedict of rights, privileges and immunities secured by the Fourth Amendment and Eighth Amendment to the U.S. Constitution, including but not limited to the right to be free from cruel and unusual punishment, the right to be protected from serious harm, and the right to privacy.

28. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, emotional trauma, loss of liberty, and loss of privacy.

## VI. SECOND CAUSE OF ACTION - 42 U.S.C. § 1983
**Violation of the Eighth and Fourteenth Amendments to the U.S. to the United States Constitution for Cruel and Unusual Punishment, Failure to Protect, and Violation of Equal Protection**

29. Plaintiff incorporates all forgoing and after stated allegations as if fully restated herein.

30. Each Defendant under color of law, deprived Ms. Benedict of rights, privileges and immunities secured by the Eighth Amendment to the U.S. Constitution, including but not limited to the right to be free from cruel and unusual punishment and the right to be protected.

31. The rules, regulations, customs, policies and procedures of the Defendants regarding protecting an inmate from sexual assault at the hands of a corrections officer who they knew was committing the acts and knew had committed similar acts in the past were inadequate and unreasonable and were a moving force behind the constitutional deprivations suffered by Bridgette Benedict.

32. As supervisory Defendants, Delaware County, Ohio and the Delaware County Sherriff's Department failed to adequately train Delaware County Jail employees on protecting prisoners, including Bridgette Benedict, from sexual abuse committed by fellow Delaware County Jail employees.

33. As supervisory Defendants, Delaware County, Ohio and the Delaware County Sherriff's Department failed to train Seddrick Bradley despite the obvious need for training, as demonstrated by repeated and documented incidents with jail inmates, as well as co-workers.

34. As supervisory Defendants, Delaware County, Ohio and the Delaware County Sherriff's Department ratified Defendant Seddrick Bradley's sexual harassing behavior by failing to investigate and punish him following previous confirmed incidents.

6

35. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, emotional trauma, loss of liberty, and loss of privacy.

### VII. THIRD CAUSE OF ACTION:
#### State Law Negligence

36. Plaintiff incorporates all forgoing and after stated allegations as if fully restated herein.

37. Each Defendant owed Ms. Benedict a duty to use reasonable care with respect to protecting Ms. Benedict from sexual assault while incarcerated.

38. Specifically, Defendants Delaware County, Ohio and the Delaware County Sherriff's Department, have executive charge over the Delaware County Jail.

39. As clearly delineated in Ohio Revised Code Chapter 341, the County Sheriffs Department has charge of the county jail and all persons confined therein. The County Sherriff's Department "shall keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction." Ohio Revised Code Chapter 341.

40. As a correctional officer, Defendant Seddrick Bradley had a duty to use reasonable care to protect Ms. Benedict from sexual assault, as well as enforce the rules allocated by the Delaware County Jail.

41. At the time the Defendants performed their negligent acts each should have known that they violated or departed from the professional standards of conduct, violated constitutional rights, and were likely to cause harm to Ms. Benedict.

42. In committing the negligent acts and/or omissions, the Defendants negligently breached said duties to use reasonable care, which directly and proximately resulted in injuries and damages to the Ms. Benedict as alleged herein.

43. As a direct and proximate cause, Ms. Benedict has suffered economic loss, physical harm, emotional trauma, loss of liberty, and loss of privacy due to the negligence of the Defendants

## VIII. FORTH CAUSE OF ACTION
### State Law Negligent Hiring, Supervision, and Retention

44. Plaintiff incorporates all forgoing and after stated allegations as if fully restated herein.

45. Defendants Delaware County, Ohio and the Delaware County Sherriff's Department acts and omissions, with respect to the injuries Ms. Benedict sustained from Defendant Seddrick Bradley constituted negligent hiring, supervision, and retention of Defendant Seddrick Bradley, as well as directly and proximately caused Ms. Benedict's injuries.

46. Defendants Delaware County, Ohio and the Delaware County Sherriff's Department, have executive charge over the Delaware County Jail.

47. As clearly delineated in Ohio Revised Code Chapter 341, the County Sheriffs Department has charge of the county jail and all persons confined therein. The County Sherriff's Department "shall keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction." Ohio Revised Code Chapter 341.

48. Delaware County, Ohio and the Delaware County Sheriff's Office have the ultimate authority to remove employees for cause.

49. An employment relationship existed between Defendants Seddrick Bradley, Delaware County, Ohio, and the Delaware County Sheriff's Department.

50. Defendant Seddrick Bradley was incompetent in performing his duties as a corrections officer employed by Delaware County, Ohio and the Delaware County Sheriff's Department.

51. Jail records confirm that Defendant Seddrick Bradley repeatedly assaulted a number of inmates in the Delaware County Jail, including Ms. Benedict, as well as sexually harassed a fellow female correctional officer.

52. Records also reflect that Defendant Seddrick Bradley received a poor employee performance evaluation regarding his sound judgment when interacting with inmates, co-workers, and supervisors.

53. Specifically, the employee performance evaluation states that "there have been several instances this year where he had demonstrated poor judgment in his decision making. He needs to improve his judgment when dealing with co-workers and inmates."

54. Such acts demonstrate the incompetence – along with negligence, recklessness, malice, bad faith, willfulness, and wantonness – of Defendants Seddrick Bradley, Delaware County, Ohio, and the Delaware County Sheriff's Department.

55. Defendants Delaware County, Ohio and the Delaware County Sheriff's Office had actual and constructive knowledge that Defendant Seddrick Bradley engaged in deviant conduct and sexually assaulted Ms. Benedict. They also knew that Defendant Seddrick Bradley's acts demonstrated his lack of training and incompetence as a correctional officer. Furthermore, upon information and belief, they had knowledge or constructive knowledge that Defendant Bradley's acts could not be accomplished without other Delaware County Jail employees' awareness.

56. Defendants Delaware County, Ohio and the Delaware County Sheriff's Department were also aware that it was foreseeable that Defendant Seddrick Bradley would continue to engage in deviant conduct and sexually harass inmates, including Ms.

Benedict, if jail officials, including themselves, did not intervene or address Defendant Seddrick Bradley's acts.

57. Defendant Seddrick Bradley's sexual abuse, along with the assistance he received from Defendants Delaware County, Ohio and the Delaware County Sheriff's Department, proximately and directly caused Ms. Benedict's injuries.

## IX.     FIFTH CAUSE OF ACTION:
### State Law Intentional Infliction of Emotional Distress

58. Plaintiff incorporates all forgoing and after stated allegations as if fully restated herein.

59. The Defendants intended to cause emotional distress, or knew or should have known that the actions they took would result in serious emotional distress.

60. The Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it could be considered utterly intolerable in a civilized community.

61. The Defendants' acts were the proximate cause of the Ms. Benedict's physical, emotional, and psychological injuries.

62. The mental anguish suffered by the Ms. Benedict as a result of the Defendants' acts, as described above, was serious and of a nature such that no reasonable person could be expected to endure it.

## X.     JURY DEMAND:

63. Plaintiff hereby demands a trial by jury of all issues triable by jury.

## XI. PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays that this Court

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award Plaintiff punitive damages in an amount to be shown at trial;

C. Award Plaintiff reasonable attorney's fees, costs, and disbursements;

D. Award Plaintiff Pre- and Post- judgment interest;

E. Grant Plaintiff such additional relief as the Court deems just and proper;

F. Compel the enforcement and establishment of rules, regulations, policies, and procedures to prevent correctional officers and jail staff from sexually assaulting female inmates.

Respectfully submitted,

Dominic L. Mango (0071238)
*Mango Law LLC*
43 South Franklin Street
Delaware, Ohio 43015
(740) 602-2155
(740) 720-4439 Fax
mangolawoffice@gmail.com

Geoffrey A. Spall (0098721)
Attorney for Defendant
43 South Franklin Street
Delaware, Ohio 43015
(740) 815-3384
(740) 249-1981
geoffspalllaw@gmail.com

11

/s/ Michael T. Cox
Michael T. Cox (0080691)
Cox Law Office
4930 Reed Rd Suite 200
Columbus, OH 43220
O: (614) 562-0945
E: mcoxattorney@gmail.com